IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03276-MSK-KLM

GRACE RANDAZZO, an individual,

    Plaintiff,

v.

CH2M HILL, INC., a Florida corporation,
CH2M HILL COMPANIES, LTD., a Delaware corporation, and
DUDLEY WRIGHT, an individual,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Discovery Pending Resolution of Motion to Dismiss** [#11][1] (the "Motion to Stay") and on Defendants' **Motion to Vacate Scheduling/Planning Conference and Associated Deadlines** [#12] (the "Motion to Vacate"). Plaintiff filed Responses [#20, #21] in opposition to each of the Motions. Defendants ask the Court to stay discovery in this case until after Chief Judge Marcia S. Krieger has ruled on their pending Motion to Dismiss [#15]. For the reasons set forth below, the Court **DENIES** the Motions [#11, #12].

Plaintiff initiated this lawsuit on December 4, 2013, and asserts the following claims against some or all Defendants: unlawful retaliation in violation of the federal False Claims

---

[1] "[#11]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

-1-

Act; wrongful discharge in violation of public policy; willful unlawful interference with Plaintiff's rights under the Family Medical Leave Act ("FMLA"); willful illegal retaliation for complaining about violations of Plaintiff's civil rights as protected by the FMLA, Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Colorado Anti-Discrimination Act ("CADA"); and intentional infliction of emotional distress/outrageous conduct. *Compl.* [#1] at 2-3. Defendants responded to Plaintiff's Complaint with a Motion to Dismiss on February 11, 2014 [#15]. The motion to dismiss primarily contends that Plaintiff fails to state a claim on which relief can be granted, but it also argues that the Court lacks subject matter jurisdiction over Plaintiff's CADA claim. Defendants request that Plaintiff's case be dismissed in its entirety.

Defendants filed the Motion to Stay on the same date as their Motion to Dismiss. Defendants cite to *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006) in support of their position, arguing that the five factors articulated there weigh in favor of imposing a stay. Plaintiff opposes the request for a stay, suggesting that the *String Cheese Incident* factors weigh against the imposition of a stay. *Response* [#20]. Defendants explicitly state that they do not seek a partial stay because "it would be unduly burdensome for Defendants to proceed with partial discovery, when there is no practical way to parse out discovery according to a claim or party." *Motion* [#11] at 9.

The stay of proceedings in a case is generally disfavored, but the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)).

*See also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

It goes without saying that questions of jurisdiction should be resolved at the earliest stages of litigation so as to conserve the time and resources of the Court and the parties. However, there is no preference for staying a case simply because a party filed a motion to dismiss that alleges failure to state a claim. A stay is preferred only when there is a jurisdictional or qualified immunity issue. *See Grobecker v. Grundy*, No. 13-cv-01190-MSK-KLM, 2013 WL 6466183, at *2 (D. Colo. Dec. 9, 2013). Here, there is only a jurisdictional issue with respect to the CADA claim, and the preference for a stay would therefore attach to that claim alone.[2] Defendants forcefully argue that discovery in this matter should be

---

[2] The Court notes that, even if Plaintiff's CADA claim is dismissed on the basis of subject matter jurisdiction, the Court would still have subject matter jurisdiction over this action pursuant

stayed as a whole, because the claims are too factually intertwined to move forward in a piecemeal manner.  Examining the Complaint, the Motion to Dismiss, the Motion to Stay and the Response thereto, the Court agrees that the allegations underlying Plaintiff's eight claims are intertwined.  However, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#15] is not appropriate because Plaintiff's Motion to Dismiss only asserts that one claim may be subject to dismissal on the basis of jurisdiction, and because the allegations underlying the claims are otherwise inextricably entwined.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#11] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to Vacate [#12] is **DENIED**.

DATED: March 10, 2014 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

to 28 U.S.C. § 1331, based on the other federal statutory claims asserted by Plaintiff.