IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03276-MSK-KLM

GRACE RANDAZZO, an individual,

Plaintiff,

v.

CH2M HILL, Inc., a Florida corporation,
CH2M HILL Companies, Ltd., a Delaware corporation, and
DUDLEY WRIGHT, an individual,

Defendants.

---

### STIPULATED PROTECTIVE ORDER

---

Upon a ~~showing of good cause~~ *request of the parties* in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:       *KLM*

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information or documents disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "Document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "Confidential" shall be information that is confidential financial, legal or business information and/or trade secrets and implicates common law and/or statutory privacy interests of current or former employees, representatives or agents of CH2M HILL, Inc. or CH2M HILL Companies, Ltd. (collectively, "CH2M HILL") or the parent companies, affiliated companies, subsidiaries and related companies, vendors, customers, employees, agents, insurers, attorneys, or clients of CH2M HILL, including but not limited to Defendant Dudley ("Kirby") Wright and Plaintiff Grace Randazzo. Designation of information as Confidential shall not affect its discoverability. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the Parties, including representatives for CH2M HILL;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and/or its employees ("Court Personnel");

-3-

       (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

       (g)    deponents, witnesses, or potential witnesses provided all such individuals have executed a copy of the attached Nondisclosure Agreement; and

       (h)    other persons by prior written agreement of all the Parties.

       5.    Prior to disclosing any Confidential Information to any person listed in paragraph 4(d), (g) or (h), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form of the attached Nondisclosure Agreement) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel, and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

       6.    Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential."

       7.    Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A Party may object to the designation of information as Confidential by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within fifteen (15) days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential to make an appropriate motion pursuant to MJ Mix's discovery procedure requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not be thereafter be treated as Confidential in accordance with this Protective Order.

9. At the conclusion of this case, each document and all copies thereof which have been designated as Confidential shall be returned to the Party that designated it Confidential, or the Parties may elect to destroy Confidential documents at the conclusion of the time required by the rules governing attorneys for maintenance of such documents. Where the Parties agree to destroy Confidential documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.

10. When filing any document under Restricted Access, the Parties shall file a Motion to Restrict Access to the document and comply with the procedures as set forth in D.C.COLO.LCivR 7.2.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

-5-

ORDERED this 24TH day of March, 2014.

BY THE COURT:

_____

STIPULATED TO AND APPROVED AS TO FORM this ___ day of March, 2014.

APPROVED:


By: *s/ Elizabeth L. ("Booka") Smith*
Elizabeth L. ("Booka") Smith
Randolph H. Freking
FREKING & BETZ, LLC
999 18th Street
Denver, CO 80202
Telephone: (303) 357-2355
booka@frekingandbetz.com
rfreking@frekingandbetz.com

Attorneys for Plaintiff


By: *s/Meghan W. Martinez*
Meghan W. Martinez
Drew D. Hintze
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 530
Denver, CO 80246
Telephone: (303) 597-4000
martinez@mlgrouppc.com
hintze@mlgrouppc.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03276-MSK-KLM

GRACE RANDAZZO, an individual,

Plaintiff,

v.

CH2M HILL, Inc., a Florida corporation,
CH2M HILL Companies, Ltd., a Delaware corporation, and
DUDLEY WRIGHT, an individual,

Defendants.

## NON-DISCLOSURE AGREEMENT

STATE OF _____ )
                     ) ss.
COUNTY OF _____ )

    1.    My name is _____. My business affiliation is _____, and my title, if any, is _____.

    2.    I reside at _____, and my home telephone number is (___) ____-_____. My business address and telephone number are _____, (___) ____-_____.

    3.    I am aware that a Protective Order has been entered in *Grace Randazzo v. CH2M HILL, Inc., CH2M HILL Companies, Ltd., and Dudley Wright*, Civil Action No. 13-cv-03276-MSK-KLM, now pending in the United States District Court for the District of Colorado. A copy of that Protective Order has been given to me, and I have read and understand the terms of the Protective Order.

    4.    I promise that any document marked "Confidential" or marked as containing Confidential Information will be used by me only in connection with assisting the Parties or their counsel in preparing for the resolution of the above-referenced litigation.

5.      I promise that I will not disclose or discuss such Confidential documents or Confidential Information with any person other than the Parties to this action, their respective attorneys, members of their attorneys' staff, or in consultation with expert witnesses retained by any Party.

6.      I understand that any use of Confidential Information obtained by me that is subject to the Protective Order or any portions or summaries thereof in any manner contrary to the provisions of the Protective Order or this Nondisclosure Agreement may subject me to the summary sanctions of the Court for contempt.

_____    By: _____
DATE                                        Title (if applicable): _____

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2014, by_____.

[SEAL]

_____
Notary Public

My Commission Expires: _____